1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA J. BAILEY, | NO. C16-5754RSL |
| Plaintiff, | |
| v. | ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff Amanda J. Bailey appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED.

//

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 1

I.      FACTS AND PROCEDURAL HISTORY

Plaintiff is a 53-year-old woman with a GED. Administrative Record ("AR") at 269, 275. Her past work experience was as a mental health technician and a line cook. AR at 275. Plaintiff was last gainfully employed in October of 2006. AR at 274.

Plaintiff protectively filed applications for DIB and SSI on December 3, 2012. AR at 12. Plaintiff asserted that she was disabled due to osteoarthritis, anxiety, depression, lower back pain, and scoliosis. AR at 274.

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 12. Plaintiff requested a hearing, which took place on January 15, 2015. Id. On May 12, 2015, the ALJ issued a decision finding that plaintiff was not disabled based on her finding that plaintiff could perform specific jobs existing in significant numbers in the national economy. AR at 12-26. Plaintiff's request for review by the Appeals Council was denied on July 15, 2016 (AR at 1-5), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On September 2, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 1.

II.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 2

medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III.   EVALUATING DISABILITY

As the claimant, Ms. Bailey bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 3

§§ 404.1520(b), 416.920(b).[2] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R. § 404.1572.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 4

IV.     DECISION BELOW

On May 12, 2015, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since December 3, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: status post right knee arthroscopy with partial medial and lateral meniscectomies, bilateral knee osteoarthritis, mild degenerative disc disease of the lumbar spine, major depressive disorder, and generalized anxiety disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). The claimant is able to lift/carry 20 pounds occasionally and ten pounds frequently. The claimant is able to perform work that does not require climbing ladders, ropes, or scaffolds. The claimant is able to occasionally climb ramps and stairs and occasionally balance, stoop, crouch, crawl, and kneel. The claimant is able to perform work that allows her to avoid concentrated exposure to hazards. The claimant is able to perform simple, routine tasks. The claimant is able to perform work that does not require public contact. The claimant is able to have superficial contact with coworkers.

5. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

6. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 3, 2012, through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

AR at 12-26.

//

## V.  ISSUE ON APPEAL

The issue on appeal is whether the ALJ erred in evaluating the opinion of examining psychologist Bruce A. Eather, Ph.D. Dkt. 7 at 1.

## VI.  DISCUSSION

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Dr. Eather. See Dkt. 7 at 2-5. The Court agrees.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 6

specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

In May of 2012, Dr. Eather examined plaintiff and diagnosed her with depressive disorder (not otherwise specified), anxiety disorder (not otherwise specified), and personality disorder (not otherwise specified with avoidant and dependent traits). See AR at 437. Dr. Eather opined that plaintiff's impairments would impair her attention, concentration, persistence, and task performance, as well as her ability to interact with others, adapt to changes, and handle the day-to-day stress of a work environment. See AR at 439. The ALJ gave this opinion very little weight because Dr. Eather appeared to rely heavily on plaintiff's self-reports and because Dr. Eather did not appear to consider a borderline indication of memory malingering from Rey test results. See AR at 23. Neither of these reasons is specific, legitimate, and supported by substantial evidence.

According to the Ninth Circuit, an ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Morgan, 169 F.3d at 602). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. See Ryan v.Comm'r, Soc. Sec. Admin., 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

Here, Dr. Eather performed a clinical interview and reported observing symptoms of depression and anxiety. See AR at 437-38. Dr. Eather also performed a mental status examination ("MSE"), during which he noted that plaintiff was "tearful at times and very anxious." See AR at 439. The MSE is "termed the *objective* portion of the patient evaluation" in the mental health field. Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

Status Examination 4 (Oxford University Press 1993) (emphasis in original). Furthermore, "[m]ental health professionals frequently rely on the combination of their observations and the patient's reports of symptoms," so "[t]o allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's 'subjective allegations' is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders." Ferrando v. Comm'r, Soc. Sec. Admin., 449 Fed. Appx. 610 n.2 (9th Cir. 2011) (unpublished memorandum opinion). Where, as here, "an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing Ryan, 528 F.3d at 1199-1200).

Next, the ALJ's finding that Dr. Eather did not appear to consider Rey test results indicating borderline memory malingering is not supported by substantial evidence. Dr. Eather noted in the MSE results that plaintiff scored nine out of 15 on the Rey test but simultaneously noted that he found "[n]o gross evidence that she was feigning or exaggerating symptoms." See AR at 439. Clearly, Dr. Eather considered the Rey score but provided his ultimate opinion regarding plaintiff's functional capacity in light of the entire clinical interview, his professional observations, and other objective test results. See id. Moreover, the ALJ did not explain why evidence of malingering on a memory test would invalidate Dr. Eather's opinion regarding plaintiff's social limitations or her ability to adapt to changes and handle workplace stress. See AR at 23. Therefore, the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Eather's opinion.

"[H]armless error principles apply in the Social Security context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 8

to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006); see <u>Molina</u>, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" <u>Molina</u>, 674 F.3d at 1118-19 (quoting <u>Shinseki v. Sanders</u>, 556 U.S. 396, 407 (2009)). Had the ALJ fully incorporated Dr. Eather's opinion, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. Therefore, the ALJ's error affected the ultimate disability determination and is not harmless.

Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Plaintiff requests that the matter be remanded for further administrative proceedings. <u>See</u> Dkt. 7 at 1. Accordingly, the Court remands this case to cure the error described above and address any remaining conflicts in the evidence about plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations.

## VII.   CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred by failing to follow the Court's order and develop the record. The decision of the Commissioner is REVERSED, and

//

//

//

1  this matter is REMANDED for further proceedings not inconsistent with this Order.

2      Dated this 6th day of March, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 10